**NOT FOR PUBLICATION**

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| BENJAMIN SIERRA, | : | |
| | : | Civil Action No. 05-1358 (RBK) |
| Petitioner, | : | |
| | : | |
| v. | : | **O P I N I O N** |
| | : | |
| UNITED STATES OF AMERICA, et al., | : | |
| | : | |
| Respondents. | : | |

**APPEARANCES:**

Benjamin Sierra, Pro Se  
#47347-053  
F.C.I. Fort Dix  
P.O. Box 7000  
Fort Dix, NJ 08640

Dorothy J. Donnelly, Esq.  
Assistant U.S. Attorney  
402 East State Street  
Room 430  
Trenton, NJ 08608  
Attorney for Respondent

**KUGLER**, District Judge

Petitioner Benjamin Sierra, a federal prisoner currently confined at the Federal Correctional Institution at Fort Dix, New Jersey, has submitted a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241,[1] challenging the sentence pursuant

---

[1] Section 2241 provides in relevant part:

(a) Writs of habeas corpus may be granted by the Supreme Court, any justice thereof, the district courts and any circuit judge within their respective jurisdictions.
(c) The writ of habeas corpus shall not extend to a prisoner unless-- ... (3) He is in custody in violation of the Constitution or laws or treaties of the United States ... .

to which he is confined.  Respondents filed a Motion to Dismiss for lack of Jurisdiction on September 6, 2005.

The Court has considered all submissions.  Because this Court lacks jurisdiction to consider this Petition, and it is not in the interest of justice to transfer the Petition, this Court will grant the Motion to Dismiss the Petition, and dismiss the petition, without prejudice, for lack of jurisdiction.

## BACKGROUND

Petitioner was sentenced to 188 months incarceration in the United States District Court, Southern District of Florida, on July 18, 1997, after pleading guilty to conspiracy with intent to distribute cocaine.  His projected release date is in 2010.

Petitioner claims in this petition that his sentence was improperly enhanced, and that he was denied an interpreter at his sentencing hearing, in violation of his due process rights.  It is unclear from the record provided whether or not Petitioner filed a motion to correct his sentence, pursuant to 28 U.S.C. § 2255.

## DISCUSSION

Liberally construing the instant petition, see Haines v. Kerner, 404 U.S. 519, 520-21 (1972), Petitioner contends that he is entitled to habeas relief under § 2241, because relief under § 2255 is "inadequate or ineffective."  See In re Dorsainvil, 119 F.3d 245 (3d Cir. 1997).

As noted by the Court of Appeals for the Third Circuit, a § 2255 motion, filed in the district of conviction, has been the "usual avenue" for federal prisoners seeking to challenge the legality of their confinement.  See Dorsainvil, 119 F.3d at 249; see also Okereke v. United States, 307 F.3d 117, 120 (3d Cir. 2002); United States v. Walker, 980 F. Supp. 144, 145-46 (E.D. Pa. 1997) (challenges to a sentence as imposed should be brought under § 2255, while challenges to the manner in which a sentence is executed should be brought under § 2241, in the district of confinement).

Section 2255, however, contains a safety valve where "it appears that the remedy by motion is inadequate or ineffective to test the legality of [Petitioner's] detention."  In Dorsainvil, the Third Circuit held that the remedy provided by § 2255 is "inadequate or ineffective," permitting resort to § 2241 (a statute without timeliness or successive petition limitations), where a prisoner who previously had filed a § 2255 motion on other grounds "had no earlier opportunity to challenge his conviction for a crime that an intervening change in substantive law may negate."  119 F.3d at 251.  The court emphasized, however, that its holding was not intended to suggest that § 2255 would be considered "inadequate or ineffective" merely because a petitioner is unable to meet the stringent limitations or gatekeeping requirements of § 2255.  See id.  To the contrary,

the court was persuaded that § 2255 was "inadequate or ineffective" in the unusual circumstances presented in <u>Dorsainvil</u> because it would have been a complete miscarriage of justice to confine a prisoner for conduct that, based upon an intervening interpretation of the statute of conviction by the United States Supreme Court, may not have been criminal conduct at all.  <u>See</u> <u>id.</u> at 251-52.

More recently, the Court of Appeals for the Third Circuit emphasized the narrowness of its <u>Dorsainvil</u> holding when it rejected a district court's conclusion that § 2255 was "inadequate or ineffective" to address a claim based on <u>Apprendi v. New Jersey</u>, 530 U.S. 466, 490 (2000), an intervening decision which held that, "[o]ther than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt."  <u>See</u> <u>Okereke v. United States</u>, 307 F.3d 117 (3d Cir. 2002) (in which the petitioner had been sentenced based upon a drug quantity determined at sentencing by a judge using the preponderance of evidence standard). Similarly, § 2255 is not "inadequate or ineffective" to address a claim based upon <u>Booker</u>, which is an extension of <u>Apprendi</u>.[2]  <u>See</u>

---

[2] In <u>Blakely v. Washington</u>, 542 U.S. 296 (2004), the Supreme Court overturned a sentence imposed under Washington state's sentencing system, explaining that "the relevant statutory maximum is not the maximum sentence a judge may impose after finding additional facts, but the maximum he may impose without

4

Smith v. Nash, 2005 WL 1965500 (3d Cir. Aug. 17, 2005) (unpubl.). In addition, the mere fact that a claim is time barred does not render § 2255 an inadequate or ineffective remedy.  See Cradle v. United States, 290 F.3d 536, 539 (3d Cir. 2002).[3]

Petitioner's inability to meet the limitations and gatekeeping requirements of § 2255 does not render it an inadequate or ineffective remedy with respect to the claims asserted in this Petition.  Accordingly, the Petition must be construed as a motion to vacate, set aside, or correct sentence

---

any additional findings."  542 U.S. 296, -, 124 S. Ct. 2531, 2537 (2004) (internal quotations omitted.)  Most recently, in United States v. Booker, 125 S. Ct. 738 (2005), the Supreme Court applied the rule of Apprendi to the U.S. Sentencing Guidelines, holding that the Guidelines are not mandatory, but are merely advisory.

[3] Motions under § 2255 must be made within one year of "(1) the date on which the judgment of conviction becomes final; ... [or] (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review, ... ."

under 28 U.S.C. § 2255,[4] which must be filed in the district of conviction, and over which this Court lacks jurisdiction.[5]

Whenever a civil action is filed in a court that lacks jurisdiction, "the court shall, if it is in the interest of justice, transfer such action ... to any other such court in which the action ... could have been brought at the time it was filed." 28 U.S.C. § 1631. A second or successive § 2255 motion may be brought in the district of conviction only if the applicable Court of Appeals has authorized such filing. 28 U.S.C. § 2244.

It does not appear that it would be in the interest of justice to transfer this Petition to the Court of Appeals for the

---

[4] Although this Court is reclassifying the petition as a § 2255 motion, no Miller notice and order is necessary to afford Petitioner an opportunity to raise additional § 2255 grounds. The purpose of the Third Circuit's decision in United States v. Miller, 197 F.3d 644 (3d Cir. 1999), was to provide fair warning to petitioners whose petitions were being recharacterized as § 2255 motions so that they could ensure that all their claims were fully raised in a single all-encompassing § 2255 petition. Such warning, the Miller court reasoned, is necessary because petitioners will thereafter be unable to file "second or successive" § 2255 petitions without certification by the Court of Appeals. Because Petitioner has already pursued unsuccessful § 2255 motions, no purpose would be served by a Miller notice.

[5] The Court notes that, even if it possessed jurisdiction over Petitioner's Booker claim, it could not grant Petitioner any relief. The Court of Appeals for the Third Circuit has recently held that Booker does not apply retroactively to cases that became final on direct review prior to January 12, 2005, the date Booker was issued. See Lloyd v. United States, 407 F.3d 608 (3d Cir. 2005), petition for cert. filed (Aug. 5, 2005) (No. 05-5769).

Eleventh Circuit, as a request for leave to file a second or successive § 2255 motion.  The Court of Appeals for the Eleventh Circuit has held that Booker does not apply retroactively to support a second or successive § 2255 motion.  See Varela v. United States, 400 F.3d 864 (11th Cir. 2005).  Thus, this Court finds it is not in the interests of justice to transfer the petition; however, the dismissal of this petition will be without prejudice to Petitioner filing a petition for a second or successive § 2255 motion in the Eleventh Circuit on his own accord, if he so desires.

## CONCLUSION

For the reasons set forth above, the Motion to Dismiss is granted.  The Petition will be dismissed without prejudice for lack of jurisdiction.  An appropriate Order accompanies this Opinion.

S/Robert B. Kugler
ROBERT B. KUGLER
United States District Judge

Dated: October 25, 2005